```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           :
                                                 :     Chapter 11
BREITBURN ENERGY                                 :
PARTNERS L.P., et al.,                           :     Case No.: 16-11390 (SMB)
                                                 :
                        Debtors.                 :
-------------------------------------------------X
FELICIA PIERCE,                                  :
                                                 :
                        Plaintiff,               :
                                                 :
        – against –                              :     Adv. Proc. No.: 16-01198 (SMB)
                                                 :
BREITBURN ENERGY LP., ENTITIES,                  :
                                                 :
                        Defendants.              :
-------------------------------------------------X
```

## MEMORANDUM DECISION GRANTING
## MOTION TO DISMISS COMPLAINT

**A P P E A R A N C E S:**

FELICIA PIERCE
*Plaintiff Pro Se*
9764 Water Tree Drive
McKinney, Texas 75070

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Defendants*
767 Fifth Avenue
New York, New York 10153

      Ray C. Schrock, P.C. Esq.
      Stephen Karotkin, Esq.
      Edward Soto, Esq.
          Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

        The plaintiff, Felicia Pierce, commenced this adversary proceeding to obtain

certain declaratory, monetary and injunctive relief, and simultaneously sought a

preliminary injunction to stop the Debtors (collectively, "Breitburn") from drilling on certain property in Texas that she claims to own or have an interest in. Breitburn has moved in the alternative to dismiss the adversary proceeding or for abstention. (*Notice of Motion of Debtors Pursuant to 28 U.S.C. § 1334 and Fed. R. Bankr. P. 7009 and 7012 for Dismissal of or Abstention from Adversary Proceeding*, dated Sept. 15, 2016 (the "*Motion*") (ECF # 8).)¹ For the reasons that follow, Pierce's motion for a preliminary injunction is denied and the adversary proceeding is dismissed.

## BACKGROUND

The underlying dispute dates back 100 years and concerns Pierce's claim that she is one of the rightful owners of surface and mineral rights to a several-hundred acre plot of land in Texas (the "Property"). According to Pierce's *Adversary Complaint for Turnover Property [sic] of the Defendant's Bankruptcy Estate and for Related Relief*, filed Aug. 17, 2016 (the "*Complaint*"), Lettuce Beall Frazier ("Beall") and her daughter Emily Oliver ("Emily") owned the Property prior to Beall's death in 1917. (¶¶ 15-16.)² Upon Beall's death, the Property passed under the laws of intestacy to Emily and her sister, Harriet Alfred ("Harriet"). (¶ 17.)

On February 12, 1917, Annie Hart ("Hart"), Emily's daughter, purported to convey the Property to A.A. King for $1,500. (¶ 18) The Deed stated that Hart was the sole surviving heir of Beall and Emily, (*Plaintiff's Original Petition for Quiet Title and*

---

¹   "ECF # ___" refers to the document number listed on the electronic docket of this adversary proceeding. "ECF Main # ___" refers to the document number listed on the electronic docket of the main case.

²   The parenthetical "(¶ ___)" refers to the paragraphs in the *Complaint*. Pierce has filed amended complaints without obtaining leave of the Court, and they are addressed below.

2

*Application for Decartatory [sic] Judgment and Temporary Restraining Order and Temporary and Permanent Injunction*, verified Sept. 10, 2015 (the "*Texas Petition*"),³ Ex. K; ¶ 18), but Hart could not read, (¶ 22), and in fact, was not the sole heir. (¶ 18.) At the time, the rightful co-owners were Hart and Emily's and Harriet's other children, Belle Holmes, Walker Thompson, Johnnie Henderson, Clay Barrow and Alice Barrow. (¶ 19.)

King (together with C.R. Floury and J.T. Florence) subsequently deeded the Property back to Hart and her siblings, Belle Holmes and John Holmes, for $1,742.50 payable in four annual installments, and retained a Vendor's Lien. (*Texas Petition*, Ex. L; ¶ 20.) Subsequently, King, Floury and Florence brought a foreclosure action, and on May 6, 1921, obtained a judgment removing everyone from the Property. (¶ 23.) Ten years later, on March 11, 1931, a witness affidavit was filed claiming that King had acquired title to the Property under the theory of adverse possession. (*Texas Petition*, Ex. U; ¶ 24.)

Pierce contends that the affidavit was deficient and false. (¶ 25.) In substance, Pierce maintains that neither Hart's deed nor King's adverse possession claim are valid, and the Property is still owned by Beall's heirs of which she is one. (*See* ¶¶ 26-27.) Thus, the parties exercising drilling rights granted through the King line, including certain Debtors, do not have the right to be on or exploit the Property, and have been paying royalties to the wrong party. (*See* ¶¶ 28-30.)

---

³ A copy of the *Texas Petition*, which is the original complaint in the Texas Action, is annexed as Exhibit A to the *Memorandum of Law in Support of Motion of Debtors Pursuant to 28 U.S.C. § 1334 and Fed. R. Bankr. P. 7009 and 7012 for Dismissal of or Abstention from Adversary Proceeding*, dated September 15, 2016 (the "*Breitburn Memo*") (ECF # 8).

**A.     The Texas Action**

On September 10, 2015, Pierce commenced an action (the "Texas Action") in the County Court at Law of Gregg County, Texas (the "Texas Court"). (*See Texas Petition*.) The *Texas Petition* was based on and included the allegations relating to title discussed above, and through it, Pierce sought to quiet title and obtain injunctive relief. The *Texas Petition* named the heirs of A.A. King and Lottie King as defendants.

The *Texas Petition* was deficient. In particular, Pierce failed to identify her claimed interest in the Property or identify and join those persons that might be adversely affected by a judgment in her favor. On November 6, 2015, the Texas Court entered an *Order on Plea in Abatement*, (*see Breitburn Memo*, Ex. B), holding the Texas Action in abatement until Pierce, *inter alia*, repleaded "in conformance with the applicable rules of civil procedure," including by naming every person that might be adversely affected by the declaratory judgment or suit to quiet title claim, including surface owners, oil, gas and mineral owners, royalty owners, overriding royalty interest owners, surface lessees, or any other individuals or entities potentially affected by Plaintiff's claims. (*Id.*, Ex. B, at 1.) The order gave Pierce 90 days to join the necessary parties and otherwise comply with its instructions, and warned that the failure to comply would subject the case to dismissal. (*Id.*) Pierce failed to comply, but the Texas Court granted her an additional 90 days to add the necessary parties. (*Ruling on Motion to Dismiss*, dated Sept. 15, 2016 (the "*Dismissal Ruling*"), at 2.)[4]

---

[4]     A copy of the *Dismissal Ruling* is annexed to the *Breitburn Memo* as Ex. G.

4

Over the ensuing months, Pierce amended her petition several times, and 0n February 16, 2016, certain defendants moved to dismiss Pierce's Seventh Amended Petition in the Texas Action. (*See Breitburn Memo*, at Ex. D.)  While the motion to dismiss was *sub judice*, Pierce filed her *tenth* amended petition in the Texas Action, which joined a host of defendants, including several Breitburn entities.  (*Notice of Motion for Relief from Automatic Stay to Allow Civil Litigation to Proceed,* filed June 3, 2016 (the "*Stay Relief Motion*"), Ex. B (ECF Main # 107).

After the Debtors commenced chapter 11 cases on May 15, 2016, Pierce filed the *Stay Relief Motion* to continue the Texas Action.  On June 23, 2016, and with the Debtors' consent, the Court entered an order modifying the automatic stay "*solely* to the limited extent necessary to permit Pierce (but not any other claimant, successor to or assignee of Pierce or any other party in the Texas Action) to prosecute [all rights and claims belonging solely to Pierce and asserted in or related to the *Texas Petition* and the Texas Action] to judgment in the Texas Action so that the Pierce Claims, if any, may be liquidated."  (*Order Pursuant to 11 U.S.C. § 362(d) Granting Limited Modification of the Automatic Stay*, dated June 23, 2016, at 2 (emphasis in original) (ECF Main # 161).) The order further provided that "the automatic stay is not modified in any other respect and shall continue in full force and effect, including, without limitation, with respect to (i) any assertion of new claims (in the Texas Action or otherwise) against the Debtors; (ii) any effort to collect money or property from the Debtors; or (iii) any effort to enforce any judgment or other relief that may be entered against or settlement entered into by the Debtors."  (*Id.)*

5

Pierce subsequently amended her petition in the Texas Action five more times, and on August 25, 2016, the Debtors and other parties filed the *Defendants' Second Amended Motion to Dismiss Plaintiff's Twelfth Amended Petition and Brief in Support* (the "*Second Motion to Dismiss*"). (*See Breitburn Memo*, Ex. E.) The Texas Court heard the *Second Motion to Dismiss* on September 2, 2016. (*Dismissal Ruling* at 2.) By that date, Pierce had identified 172 defendants but had served only 55. (*Id.*)

Following the hearing – on September 12, 2016 – Pierce filed the *Plaintiff's Thirteenth Amended Petition for Trespass to Try Title and Slander of Title* (the "*Thirteenth Texas Petition*"). (*See Breitburn Memo*, Ex. F.) This pleading named as defendants "Breitburn Energy Partners I LP., Breitburn Partners LP., Breitburn GP., LLC., Breitburn Management Company LLC., Breitburn Operating GP, LLC., Breitburn Operating LP., D/B/A Breitburn OLP., Breitburn Operations LP., Breitburn Transpetco GP., LLC. . . . , East Texas Salt Water Disposal Company . . . , QRE Operating LLC. . . . , [and] Transpetco Pipeline Company L.P., D/B/A Transpetco Pipeline Company of Texas LP. [*sic passim*]," in addition to many parties unrelated to the Debtors or their nondebtor affiliates. (*Breitburn Memo*, Ex. F*,* at 1-2.) However, Pierce dropped the defendants she had not served as well as the involuntary plaintiffs, and pursued a judgment only of her undivided interest she asserted to be 4%. (*Dismissal Ruling* at 2.)

Although filed after the hearing on the *Second Motion to Dismiss*, the Texas Court considered the *Thirteenth Amended Petition* as well as the history of the litigation, and concluded that enough was enough. The Texas Court reiterated the import of its *Order on Plea in Abatement*, noting that Pierce's failure to join all persons who might be adversely affected, but would not be bound, "would unsettle title reaching

6

back 100 years, and would cast a cloud on tile for both surface owners and mineral owners." (*Id.* at 3.) Despite two ninety day extensions, Pierce had failed to join all necessary parties or assert why they could not be made parties. (*Id.*) Pierce had been supplied with the identities of entities holding approximately 104 pipeline easements that would be necessary parties, but she declined to make any effort to add them because she disagreed with the Court's interpretation of the need to join the necessary parties. (*Id.*) Based upon Pierce's unilateral decision not to join necessary parties, informed by her contrary interpretation of the requirements of Texas law, the Texas Court dismissed the Texas Action "with Prejudice to the refiling of same." (*Id.*) The Texas Court thereafter denied Pierce's motion for a new trial. (*Order Denying Motion for New Trial*, dated Dec. 9, 2016.)[5]

B.   **This Adversary Proceeding**

Despite obtaining relief from the stay and actively litigating her right and title in the Texas Action both before and after the commencement of these chapter 11 cases, Pierce also commenced this adversary proceeding and simultaneously sought a preliminary injunction. The *Complaint* names the "Breitburn Energy LP., Entities" as defendants but does not identify which Breitburn entities she is suing.[6] Given the relationship between this adversary proceeding and the Texas Action, I assume that Pierce is seeking relief against the Breitburn entities that are named in the *Thirteenth*

---

[5]   A copy of the *Order Denying Motion for New Trial* is annexed as Exhibit A to the *Response of Debtors to Felicia Pierce's Sur-Reply and Motion to Amend Adversary Complaint*, dated January 19, 2017 (ECF # 25.)

[6]   The *Complaint* also named the United States Trustee and two attorneys employed in that office, but those parties were dismissed by a stipulation. (*Stipulation and Order Dismissing the United States Trustee, Susan D. Golden, Esq. and Richard C. Morrissey, Esq. as Party Defendants in Adversary Proceeding,*" dated August 4, 2016 (ECF # 4).)

*Texas Petition,* but in light of the disposition of the Motion, it is not necessary to be more exact.

The *Complaint* asserts claims sounding in actual and constructive fraud and/or fraudulent transfer relating to a lien granted by the "Debtor" to U.S. National Bank and the Debtors' assertion of title over Property they do not own.  (*Complaint*, at pp. 9-10.) It seeks a judgment (1) declaring that the Debtors obtained possession of the Property by fraudulent means; (2) declaring that the Debtors filed a fraudulent bankruptcy claim against the Property; (3) voiding the U.S. National Bank lien;[7] (4) quieting title; and (5) directing turnover.  (*Id.* at 10.)  Pierce also seeks a preliminary injunction.

Breitburn moved to dismiss the *Complaint*.[8]  The Motion contends that the claims are barred by *res judicata*, the *Complaint* fails to state claims for relief, Pierce lacks standing to assert a fraud claim, and alternatively, the Court should abstain in favor of the Texas Action.  Because the *res judicata* argument is dispositive, I do not reach the other arguments.

## DISCUSSION

Pursuant to 28 U.S.C. § 1738, a federal court must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 466 (1982) (footnote omitted).  Under Texas law, "[t]he party relying on the affirmative

---

[7]   The *Complaint* did not name U.S. National Bank as a defendant.

[8]   After the motion was fully submitted, Pierce filed an amended complaint without leave of the Court on January 9, 2017.  (ECF # 22.)  In light of the disposition of the Texas Action and its effect on this adversary proceeding, any amendment would be futile and for that reason, leave to amend is denied.

8

defense of res judicata must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (citations omitted). As between the Debtors and Pierce, the Texas Action and this adversary proceeding involve the same parties and raise the same issue, to wit, Pierce's alleged interest in the Property.

Furthermore, the dismissal with prejudice constituted a final adjudication on the merits. The dismissal of Pierce's action with prejudice based upon her repeated failure to comply with the direction to join necessary parties was within the Texas Court's discretion, *see Longoria v. Exxon Mobil Corp.*, No. 04-15-00536-CV, 2016 WL 4013793, at *6 (Tex. App. July 27, 2016, *pet. denied*), and any relief from the dismissal order must be sought in Texas. As concerns the Motion, "it is well established that a dismissal with prejudice functions as a final determination on the merits," *Mossler v. Shields,* 818 S.W.2d 752, 754 (Tex. 1991) (per curium) (citation omitted); *accord Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999), and has "full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties." *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App. 2000) (citations omitted). Pierce is, therefore, precluded under the doctrine of *res judicata* from litigating her ownership interest in the Property, and without a favorable adjudication of that claim, she is not entitled to any of the relief she seeks.

Accordingly, Pierce's motion for injunctive relief is denied and the *Complaint* is dismissed. Should Pierce succeed in Texas in vacating, reversing or modifying the

9

dismissal order in a manner that removes the *res judicata* bar, she may refile her adversary proceeding and Breitburn may renew its motion to dismiss or abstain.

The Clerk of the Court is respectfully directed to enter judgment dismissing the *Complaint*.

Dated: New York, New York
       March 17, 2017

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge