UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           :
                                                 :  Chapter 11
BREITBURN ENERGY                                 :
PARTNERS L.P., *et al.*,[1]                      :  Case No.: 16-11390 (SMB)
                                                 :
                    Debtors.                     :
-------------------------------------------------X
FELICIA PIERCE,                                  :
                                                 :
                    Plaintiff,                   :
                                                 :
         – against –                             :  Adv. Proc. No.: 16-01198 (SMB)
                                                 :
BREITBURN ENERGY LP., ENTITIES,                  :
                                                 :
                    Defendants.                  :
-------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION TO VACATE JUDGMENT

**A P P E A R A N C E S:**

FELICIA PIERCE
*Pro Se*
9764 Water Tree Drive
McKinney, Texas 75070

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Defendants*
767 Fifth Avenue
New York, New York 10153

    Ray C. Schrock, P.C. Esq.
    Stephen Karotkin, Esq.
    Edward Soto, Esq.
        Of Counsel

---

[1] The debtors in these chapter 11 cases (collectively, the "Debtors") are as follows: Breitburn Energy Partners LP; Breitburn GP LLC; Breitburn Operating LP; Breitburn Operating GP LLC; Breitburn Management Company LLC; Breitburn Finance Corporation; Alamitos Company; Beaver Creek Pipeline, L.L.C.; Breitburn Florida LLC; Breitburn Oklahoma LLC; Breitburn Sawtelle LLC; Breitburn Transpetco GP LLC; Breitburn Transpetco LP LLC; GTG Pipeline LLC; Mercury Michigan Company, LLC; Phoenix Production Company; QR Energy, LP; QRE GP, LLC; QRE Operating, LLC; Terra Energy Company LLC; Terra Pipeline Company LLC; and Transpetco Pipeline Company, L.P.

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

Felicia Pierce ("Pierce") filed this adversary proceeding to obtain declaratory, monetary and injunctive relief to stop the Debtors (collectively, "Breitburn") from drilling on certain property in Texas (the "Texas Property") that Pierce claimed to own or have an interest in. The Court concluded that her claims were barred by *res judicata* based on a decision by the County Court at Law of Gregg County, Texas (the "Texas Court") (*see Memorandum Decision Granting Motion to Dismiss Complaint*, dated Mar. 17, 2017 (the "*Memorandum Decision*") (ECF # 27),[2] and entered judgment dismissing the complaint. (*Judgment for Dismissal of Adversary Proceeding*, dated March 24, 2017 (the "*Judgment*") (ECF # 29).)

Pierce has moved to vacate the *Judgment* and also seeks to assert a new claim. (*Plaintiff's Motion Concerning Matters Related to Order Modifying the Automatic Stay, Motion to Vacate Judgment Due to Fraud on the Court and Plaintiff's Motion for Damages Due to Deprivation Caused by Debtor's Bankruptcy Filing for Reorganization*, dated Dec. 22, 2017 (the "*Motion*") (ECF # 30).) Breitburn opposed the *Motion*, (*Debtors' Response to Motion of Felicia Pierce*, dated Feb. 12, 2018 ("*Breitburn Response*") (ECF # 38)), and Pierce filed several more submissions in support of her arguments and to request oral argument.[3] For the reasons that follow,

---

[2] "ECF # ___" refers to the document number listed on the electronic docket of this adversary proceeding. "ECF Main # ___" refers to the document number listed on the electronic docket of the main case.

[3] (*See* ECF Doc. ## 34, 36, 37, 38 and 40; *see also* ECF Main ## 1985, 2366.)

the *Motion* is denied.

## BACKGROUND

The relevant facts and procedural history predating the *Motion* are set forth in the *Memorandum Decision.*  Briefly, Pierce contended that she owned or had an interest in certain property located in Texas (the "Property") which she alleged was wrongfully acquired by A.A. King ("King") from Pierce's predecessors in interest earlier in the Twentieth Century.  Prior to the commencement of these chapter 11 cases, she commenced litigation in Texas (the "Texas Action") seeking various forms of relief all dependent on the finding that she owned the Property or had an interest in it.

When the debtors filed these chapter 11 cases on March 15, 2016, several Breitburn entities were already defendants in the Texas Action.  Pierce moved for relief from the automatic stay to continue the Texas Action, and limited stay relief was granted on consent.  The relevant provisions of the Court's order stated:

> ORDERED that the automatic stay applicable in these chapter 11 cases pursuant to section 362(a) of the Bankruptcy Code is modified solely to the limited extent necessary to permit Pierce (but not any other claimant, successor to or assignee of Pierce or any other party in the Texas Action) to prosecute the Pierce Claims to judgment in the Texas Action so that the Pierce Claims, if any, may be liquidated; and it is further
>
> ORDERED that the automatic stay is not modified in any other respect and shall continue in full force and effect, including, without limitation, with respect to (i) any assertion of new claims (in the Texas Action or otherwise) against the Debtors; (ii) any effort to collect money or property from the Debtors; or (iii) any effort to enforce any judgment or other relief that may be entered against or settlement entered into by the Debtors

(*Order Pursuant to 11 U.S.C. § 362(d) Granting Limited Modification of the Automatic Stay*, dated June 23, 2016 ("*Stay Relief Order*"), at 2 (emphasis in original) (ECF Main Doc. # 161).)  The "Pierce Claims" referred to in the *Stay Relief Order* meant "[a]ll rights

3

and claims belonging solely to Pierce and asserted in or related to the Petition and the Texas Action." (*Debtors' Response to Motion of Felicia Pierce for Relief from the Automatic Stay,* dated June 22, 2016, at ¶ 6 (ECF Main Doc. 158); *Stay Relief Order* at 1 n. 2 ("Capitalized terms used but not defined herein shall have the meanings set forth in the Response.").)

Pierce then returned to the Texas Court to litigate the Pierce Claims. As a result of Pierce's failure despite repeated warnings by the Texas Court to join all parties and entities whose rights would be affected in the event the Court concluded that she owned or had an interest in the Property, the Texas Court granted the Texas defendants' second motion to dismiss the Texas Action with prejudice. Under Texas law, the dismissal with prejudice constituted an adjudication on the merits. Accordingly, I dismissed this adversary proceeding based on *res judicata*, (*Memorandum Decision* at 9), and the Court entered the *Judgment.*

The Court did not completely shut the door. The *Memorandum Decision* concluded that "[s]hould Pierce succeed in Texas in vacating, reversing or modifying the dismissal order in a manner that removes the *res judicata* bar, she may refile her adversary proceeding and Breitburn may renew its motion to dismiss or abstain." (*Id.* at 9-10.) However, the Texas Court of Appeals subsequently affirmed the judgment of the Texas Court dismissing the Texas Action with prejudice based upon Pierce's repeated failure to join necessary parties. *Pierce v. Blalack,* 535 S.W.3d 35, 43-44 (Tex. Ct. App. 2017).

4

Following the affirmance in Texas, Pierce filed the *Motion* which was clarified by Pierce at oral argument. She seeks to vacate the *Judgment* on the ground that the Texas Court lacked subject matter jurisdiction to render the judgment which formed the basis of this Court's dismissal on *res judicata* grounds and Breitburn's attorneys committed a fraud on this Court and on the Texas Court whose judgment I relied on in dismissing the adversary proceeding. Pierce also asserts a new claim for money damages under 18 U.S.C. § 242. Breitburn contends, among other things, that section 242 is part of the U.S. criminal code, and does not give rise to a private right of action. The Court need not decide this question because even if it did give Pierce a right of action, it is a newly asserted claim that does not provide a basis to vacate the *Judgment*.

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding with certain immaterial differences by Rule 9024 of the Federal Rules of Bankruptcy Procedure, governs motions to vacate final judgments. It provides in pertinent part:

> (b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void. . . .

Rule 60(d) further provides in pertinent part:

> (d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; [or]

. . . .

(3) set aside a judgment for fraud on the court.[4]

## A.    Lack of Jurisdiction

Pierce does not challenge this Court's jurisdiction to enter the *Judgment*. Instead, she argues that the effect of the automatic stay and the *Stay Relief Order* deprived the Texas Court of jurisdiction to render the judgment on which this Court relied in dismissing the adversary proceeding. A judgment rendered by a court lacking subject matter jurisdiction is void and subject to collateral attack. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 362 (2d Cir. 2000). Similarly, with the exception of ministerial acts by the clerk of court, the continuation of pre-petition litigation and the entry of a judgment against the debtor in violation of the automatic stay are also void. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994).

That said, Pierce's "voidness" argument is based on a misunderstanding of the *Stay Relief Order*. The *Stay Relief Order* is typical of the type entered in a bankruptcy case to expedite the resolution of all of the issues raised in prepetition litigation especially when they are intertwined with the issues involving non-debtor parties. While the automatic stay does not apply to non-debtors, the non-bankruptcy litigation cannot proceed as a practical matter without the debtor. A stay relief order of the type entered in this case allows the party suing the debtor to liquidate its claims or declare its rights, but also requires the party, now a judgment creditor, to return to the bankruptcy court to enforce the judgment. For example, if the non-bankruptcy court enters a

---

[4] Prior to December 2007, the provisions in Rule 60(d) were part of Rule 60(b). Rule 60 was restyled in 2007, but the changes were stylistic only and were not intended to make substantive changes. FED. R. CIV. P. 60 advisory committee's note to 2007 amendment.

6

money judgment, the judgment creditor must collect that judgment through the claims allowance process – it cannot seize and liquidate property of the estate to satisfy the judgment. If the non-bankruptcy court declares rights, the judgment creditor must still return to the Bankruptcy Court to enforce those rights in accordance with the scheme laid out by the Bankruptcy Code.

The *Stay Relief Order* was designed to achieve this goal. The debtors were part of a much larger group of defendants and potential, additional defendants who could be adversely affected by a Texas Court determination that Pierce owned or had an interest in the Property. The *Stay Relief Order* expressly granted Pierce the right "to prosecute the Pierce Claims to judgment in the Texas Action so that the Pierce Claims, if any, may be liquidated." If Pierce prevailed, she would have to return to this Court to enforce her rights (or seek further stay relief to enforce her rights in Texas).

Pierce argues that she believed that the *Stay Relief Order* precluded her from litigating against Breitburn in the Texas Action, based on a representation by one of Breitburn's lawyers in that case. (*Motion* at ECF pp. 3 of 15)[5] ("Pierce's interpretation of the Order Modifying Automatic Stay was that she could not move forward in the Texas suit with Breitburn Entities, yet she could proceed with her case against all other defendants, because as stated by legal counsel Don Westbrook, Breitburn Entities fall under the 'same' claim as some of the other named defendants (not the top surface claimants) in Pierce's suit.") Pierce seems to imply that she was misled by Breitburn's

---

[5] "ECF pp." refers to the page numbers at the top of each docketed document imprinted by the Court's CM/ECF system.

7

counsel, but she has not pointed to a transcript or pleading in which the statement was made.

Furthermore, any claim that she was misled or misinterpreted the *Stay Relief Order* is belied by her conduct. The *Stay Relief Order* is dated June 22, 2016. Pierce filed the *Plaintiff's Thirteenth Amended Petition for Trespass to Try Title and Slander of Title* (the "Thirteenth Amended Petition")[6] on September 2, 2016. Despite her professed belief that she could not proceed against the debtors in these cases, the Thirteenth Amended Petition named numerous Breitburn entities as defendants. (*Breitburn Dismissal Motion,* Ex. F, at ECF pp. 420 at 466.) In addition, the Texas Court heard the motions to dismiss on September 2, 2016. There is no indication in the Texas Court's decision, (*see id.* at ECF pp. 464-66 of 466), or the subsequent appeal, 535 S.W.3d 35, that Pierce argued that the Texas Action could not proceed or that the Texas Court lacked jurisdiction in light of the automatic stay or the *Stay Relief Order*.

In short, the *Stay Relief Order* authorized Pierce to prosecute the Pierce Claims in Texas to judgment. The Pierce Claims included any claim for relief, whether monetary, declaratory or injunctive, that depended on a determination that she owned the Property or had an interest in it. The Texas Court had jurisdiction to decide those questions, and its dismissal with prejudice based on Pierce's failure to join necessary parties has been upheld on appeal in Texas.

---

[6] A copy of the Thirteenth Amended Petition is annexed to the *Notice of Motion of Debtors Pursuant to 28 U.S.C. § 1334 and Fed. R. Bankr. P. 7009 and 7012 for Dismissal of or Abstention from Adversary Proceeding*, dated Sept. 15, 2016 ("*Breitburn Dismissal Motion*") (ECF Doc. # 8), as Exhibit F, at ECF pp. 461 of 466.

8

**B.      Fraud on the Court**

"'Fraud on the court' encompasses conduct which represents an attempt to defile the court itself, or a fraud perpetrated by officers of the court so that the judicial machinery cannot perform its impartial task of judging cases." *Gazes v. DelPrete* (*In re Clinton Street Food Corp.*), 254 B.R. 523, 532 (Bankr. S.D.N.Y. 2000); *accord Armatas v. Maroulleti*, 690 F. App'x 731, 732 (2d Cir. 2017) (summary order) (quoting *Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1325 (2d Cir.1995). "'[F]raud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko,* 860 F.2d 556, 559 (2d Cir. 1988); *accord Linkco, Inc. v. Akikusa*, 367 F. App'x 180, 182 (2d Cir.) (summary order), *cert. denied*, 562 U.S. 833 (2010).  A party seeking to vacate a judgment for fraud on the court must show, by clear and convincing evidence, "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by … unfairly hampering the presentation of the opposing party's claim or defense." *McMunn v. Mem'l Sloan–Kettering Cancer Ctr.*, 191 F.Supp.2d 440, 445 (S.D.N.Y.2002) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir.1989)); *see also Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010).

A claim of fraud on the court must be made in the court that was allegedly defrauded.  *O'Neill v. Hernandez*, No. 08 Civ. 1689 (KMW), 2010 WL 1257512, at *14 (S.D.N.Y. Mar. 25, 2010); *Pandozy v. Segan*, 518 F. Supp. 2d 550, 555 (S.D.N.Y. 2007), *aff'd*, 340 F. App'x 723 (2d Cir. 2009); *Wagner Spray Tech Corp. v. Wolf*, 113 F.R.D. 50, 52 (S.D.N.Y. 1986); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("[T]he inherent

power also allows a federal court to vacate its *own* judgment upon proof that a fraud has been perpetrated upon the court.") (emphasis added). Thus, Pierce cannot seek an order from this Court vacating a judgment entered by the Texas Court based upon an alleged fraud on the Texas Court. Moreover, she recently moved in the Texas Court to vacate its judgment based on lack of jurisdiction and fraud on that court, (*see Plaintiff's Motion to Vacate Void Judgment Due to Lack of Jurisdiction Pursuant FRCP 60(B)(3)(4)(6) and Fraud Upon the Court*, (ECF Doc. # 43), but the Texas Court declined to set a hearing concluding that the Texas appellate court's mandate affirming the dismissal deprived the Texas Court of any further jurisdiction over Pierce's claims. (ECF Doc. # 44, at ECF pp. 21 of 21.) She is, therefore, foreclosed from making any further arguments in the Texas Court that Breitburn committed a fraud on the Texas Court.

Pierce also claims that Breitburn committed a fraud on *this* Court by misrepresenting that she filed her Thirteenth Amended Petition in the Texas Court on September 12, 2016 rather than September 2, 2016. This argument requires some amplification. The Texas defendants had moved to dismiss the Twelfth Amended Petition, and their motion was heard on September 2, 2016. On that same day, Pierce filed her Thirteenth Amended Petition. She argues that the Thirteenth Amended Petition superseded the Twelfth Amended Petition, and by implication, Breitburn misrepresented the filing date as September 12 in order to argue that the only outstanding pleading on the hearing date was the Twelfth Amended Petition.

The Debtors did represent to this Court that the Thirteenth Amended Petition was filed on September 12, 2016, (*Breitburn Dismissal Motion* ¶ 9), and the Court

10

mentioned the erroneous filing date in the *Memorandum Decision*. The error, however, was immaterial to this Court's disposition of the adversary proceeding, and did not involve conduct that affected the integrity of the judicial process. The Texas Court had previously ruled that Pierce had to join "those persons or entities that would be adversely affected by ruling in favor of Plaintiff." (*Breitburn Dismissal Motion*, Ex. G, at ECF pp. 465 of 466.) These included parties, like Breitburn, that had acquired their interests in the Property from King or his successors in interest. The Texas Court had entered an Order on Plea of Abatement, giving Pierce ninety days to join the necessary parties, and thereafter granted Pierce an additional ninety days to join the necessary parties. (*Id.*)[7]

The Texas Court acknowledged the filing of the **Thirteenth Amended Petition** on September 2, 2016, (*Breitburn Dismissal Motion*, Ex. G, at ECF pp. 465 of 466.) The **Thirteenth Amended Petition** asserted claims for Trespass to Try Title and Slander of Title, and according to the Texas Court, Pierce dropped all of the unserved defendants and involuntary plaintiffs because, she argued, the relevant Texas rule "only requires the addition of those persons or entities in possession of the real property made the subject of the Trespass to Try Title suit." (*Id.*)

The Texas Court disagreed; the Thirteenth Amended Petition did not cure the fundamental defect of non-joinder. It ruled that the joinder provisions of Rule 39 of the

---

[7]    Pierce had moved in the Texas Court to lift the Abatement, (*Motion*, Ex. F), and the Texas Court entered an Order Lifting Abatement on Mar. 4, 2016. (*Id.*, Ex. G.) Pierce argues that this shows that she complied with the Texas Court's earlier directives to join the necessary parties. Obviously, her interpretation of the order does not square with the Texas Court's subsequent dismissal of the Texas Action for failure to join necessary parties. Moreover, she could have raised this issue in Texas, and the Court of Appeals affirmance necessarily rejected her argument that she had joined all necessary parties.

Texas Rules of Civil Procedure[8] applied to her action for trespass to try title as well as her declaratory judgment claims, (*id.*) (citing *Longoria v. Exxon Mobil Corp.*, 255 S.W.3d 174, 180 (Tex. Ct. App. 2008)), and Rule 39, required the joinder of everyone whose interest in the Property might be affected, *e.g.*, those persons and entities that acquired their interests through the King line.  Accordingly, it dismissed the Texas Action with prejudice in the exercise of its discretion, and the Texas Court of Appeals affirmed.  Furthermore, as explained in the *Memorandum Decision*, although the Texas Court did not reach the merits of Pierce's claim, the dismissal with prejudice constituted a final adjudication on the merits for purposes of *res judicata* under Texas law.

In conclusion, the *Motion* is denied and the Clerk's office is respectfully directed to close this adversary proceeding.

So ordered.

Dated: New York, New York
       May 7, 2018

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge

---

[8] Rule 39(a) of the Texas Rules of Civil Procedure provides:

**(a) Persons to be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.